**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3061-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

NICHOLAS KIRIAKAKIS,

    Defendant-Appellant.

_____

Argued March 29, 2017 – Decided August 28, 2017

Before Judges Fuentes, Simonelli and Carroll.

On appeal from Superior Court of New Jersey, Law
Division, Bergen County, Indictment No.
11-04-0877.

Frank P. Lucianna argued the cause for
appellant (Lucianna & Lucianna, P.A.,
attorneys; Mr. Lucianna, of counsel and on the
brief; Paul F. Darakjian, on the briefs).

Elizabeth R. Rebein, Assistant Prosecutor,
argued the cause for respondent (Gurbir S.
Grewal, Bergen County Prosecutor, attorney;
Ms. Rebein, of counsel and on the brief).

PER CURIAM

Defendant Nicholas Kiriakakis was tried before a jury on various dates commencing on October 23, 2012.  On December 13, 2012, the jury found defendant guilty of second degree conspiracy to distribute cocaine, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:35-5a(1); and third degree hindering apprehension, N.J.S.A. 2C:29-3b(4).[1] On May 10, 2013, the trial judge sentenced defendant to a term of eight years with four years of parole ineligibility on the charge of second degree conspiracy, consecutive to a term of five years with two and one-half years of parole ineligibility on the charge of third degree hindering apprehension.  This resulted in an aggregate sentence of thirteen years with six and one-half years of parole ineligibility.  The judge also imposed a maximum fine of $150,000.

On defendant's direct appeal, this court upheld defendant's conviction in an unpublished opinion, but remanded the matter for resentencing without consideration of aggravating factor one, N.J.S.A. 2C:44-1a(1).  See State v. Kiriakakis, No. A-3061-15T2

---

[1] The jury acquitted defendant on two counts of first degree murder, N.J.S.A. 2C:11-3a(1) and (2); one count of second degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:394a; and one count of second degree possession of a handgun without a permit, N.J.S.A. 2C:39-5b.

(App. Div. Aug. 31, 2015) (slip op. at 3, 27). On November 2, 2015, Judge Susan J. Steele[1] followed our instructions and conducted a resentencing hearing at which the attorneys were permitted to file new sentencing memoranda and present oral argument concerning defendant's sentence.

On March 15, 2016, Judge Steele sentenced defendant to a term of eight years with four years of parole ineligibility on the conviction of second degree conspiracy, consecutive to a term of four years on the conviction of third degree hindering apprehension. This resulted in an aggregate term of twelve years with four years of parole ineligibility. Judge Steele also imposed a fine of $150,000. Judge Steele found aggravating factors three, five, and nine, see N.J.S.A. 2C:44-1a, as well as mitigating factors seven and eight, see N.J.S.A. 2C:44-1b. She explained the basis for her findings and conclusions of law in a comprehensive thirty-two page memorandum of opinion dated February 22, 2016. Because she did not preside over defendant's trial, Judge Steele included a thorough recitation of the evidence presented by the State that led to defendant's conviction.

Defendant raises the following arguments on appeal:

POINT I:

_____

[1] Judge Steele did not preside over defendant's trial or impose defendant's original sentence.

N.J.S.A. 2C:43-6(b) VIOLATES THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

a. N.J.S.A. 2C:43-6(b) violates Blakeley [sic] v. Washington, 542 U.S. 296 (2004).

b. N.J.S.A. 2C:43-6(b) violates Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (2013).

c. The Court Below Erred By Disregarding Blakely v. Washington and misapplying Alleyne v. United States.

POINT II:

THE RE-SENTENCING JUDGE ERRED IN IMPOSING A FINE.

We reject these arguments and affirm substantially for the reasons expressed by Judge Steele in her memorandum of opinion dated February 22, 2016. We add only the following brief comments. When we remanded this matter for resentencing, we expressly limited the scope of the resentencing hearing:

> In short, we find no basis to support aggravating factor one.
>
> The balance of defendant's arguments, including the argument attacking the imposition of consecutive sentences, lack sufficient merit to warrant further discussion. R. 2:11-3(e)(2). Defendant's conviction is affirmed. We remand for the court to resentence defendant without consideration of aggravating factor one, N.J.S.A. 2C:44-1(a)(1).
>
> [State v. Kiriakakis, supra, slip op. at 27.]

4                                                          A-3061-15T2

Judge Steele acknowledged this limitation in her memorandum of opinion. However, despite that defendant's arguments exceeded the limited scope of our remand and were subject to summary rejection under the doctrine of res judicata, Judge Steele decided to address them. We will follow Judge Steele's lead out of respect for the time and effort she dedicated to this case.

At the resentencing hearing, defendant argued, inter alia, that a judge's imposition of parole ineligibility at a sentencing hearing pursuant to N.J.S.A. 2C:43-6b is unconstitutional under Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). N.J.S.A. 2C:43-6b provides as follows:

> As part of a sentence for any crime, where the court is clearly convinced that the aggravating factors substantially outweigh the mitigating factors, as set forth in subsections a. and b. of [N.J.S.A.] 2C:44-1, or the court finds that the aggravating factor set forth in paragraph (5) of subsection a. of [N.J.S.A.] 2C:44-1 applies, the court may fix a minimum term not to exceed one-half of the term set pursuant to subsection a., or one-half of the term set pursuant to a maximum period of incarceration for a crime set forth in any statute other than this code, during which the defendant shall not be eligible for parole; provided that no defendant shall be eligible for parole at a date earlier than otherwise provided by the law governing parole.
>
> [(Emphasis added).]

Defendant's constitutional challenge to N.J.S.A. 2C:43-6b is facially specious. In Alleyne, the United States Supreme Court held that the imposition of a mandatory minimum sentence based upon a fact not submitted to the jury for determination beyond a reasonable doubt violates a criminal defendant's Sixth Amendment right to a jury trial. Alleyne, supra, 133 S. Ct. at 2155, 186 L. Ed. 2d at 321. The imposition of parole ineligibility under N.J.S.A. 2C:43-6b, by contrast, is discretionary and based upon the traditional aggravating and mitigating factors a trial judge must use to fashion an appropriate term of imprisonment. Our Supreme Court has "upheld the constitutionality of statutes that allow judges to impose mandatory-minimum parole ineligibility terms within the sentencing range authorized by the jury verdict." State v. Abdullah, 184 N.J. 497, 509 (2005) (citations omitted). Finally, defendant's reliance on State v. Grate, 220 N.J. 317 (2015), is misplaced. In Grate, the Court expressly declined to decide the constitutionality of N.J.S.A. 2C:43-6b and other aspects of the Graves Act. Id. at 335 n.2.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION